The opinion of the court was delivered by
Egan, J.
This is a prosecution for grand larceny. The accused, Won Sachs, was found guilty and sentenced to seven years imprisonment in the Penitentiary. The only question for our consideration is presented by a bill of exceptions to the reception in evidence of a statement or confession made by the accused while in prison under this •charge, to one of the officers, to this effect, “ If you will take me out of jail, I’ll turn up the money.” The bill states that this was “ part of a •confession made by the accused, drawn out by the hope and offer on the •part of the witness to assist him if the money could be found through him,” which had been ruled out by the court. The judge states “that 'he refused to consider this statement as a confession implicating the accused under the charge for which he was being tried — grand larceny— ■as it was possible that the accused might have knowledge as to the *943 whereabouts of the stolen property without having had any connection with th,e theft, and that his statement was no admission by the accused that he had committed the theft.” It may be very true that the statement of itself was not a direct and circumstantial admission that the accused had committed the theft, but when we consider that he was then confined under a direct charge of -having committed it, the admission would necessarily be viewed very differently from the same statement made by one not suspected or charged with the larceny. That it was considered as having an important bearing upon the guilt of the accused is manifest from the State having offered it in evidence on the trial, and that it may have been so considered by the Jury and therefore have had an important bearing on the question of the guilt or innocence of the accused, who was charged with the larceny, among other things, of two hundred and fifty dollars in United States currency, is not only probable, but very natural. We think that the statement or confession made under such circumstances should not have been received, as it comes within the prohibitions of the law. 1 Greenleaf’s Ev. 1219, et seq., title Confessions; State vs. Garvey and Earle, 25 A. 191.
It is therefore ordered and decreed that the verdict and sentence appealed from be and they are set aside and avoided, and the case remanded to the court a qua to be further proceeded with according to law and this opinion.